# IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. *12-6994 (KM)* |
| | ) | |
| HANAM CAPITAL CORPORATION | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT ORDER OF RECEIVERSHIP

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Hanam Capital Corporation ("Hanam"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Hanam ("Receiver") to serve without bond until further order of this Court.  The Receiver is appointed for the purpose of marshaling and liquidating all of Hanam's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and shareholders of Hanam under applicable state and federal law, by the Articles of Incorporation, and By-Laws of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754.  The trustees, directors, officers, managers, employees, investment

advisors, accountants, attorneys and other agents of Hanam are hereby dismissed. Such

persons and entities shall have no authority with respect to Hanam's operations or assets,

except to the extent as may hereafter be expressly granted by the Receiver. The Receiver

shall assume and control the operation of Hanam and shall pursue and preserve all of its

claims.

3.     The Receiver is entitled to take immediate possession of all assets, bank

accounts or other financial accounts, books and records and all other documents or

instruments relating to Hanam. The past and/or present officers, directors, agents,

managers, shareholders, trustees, attorneys, accountants, and employees of Hanam, as

well as all those acting in their place, are hereby ordered and directed to turn over to the

Receiver forthwith all books, records, documents, accounts and all other instruments and

papers of and relating to Hanam and all of Hanam's assets and all other assets and

property of the corporation, whether real or personal. The President of Hanam shall

furnish a written statement within five (5) days after the entry of this Order, listing the

identity, location and estimated value of all assets of Hanam, a list of all employees (and

job titles thereof), other personnel, attorneys, accountants and any other agents or

contractors of Hanam, as well as the names, addresses and amounts of claims of all

known creditors of Hanam. Within thirty (30) days following the entry of this Order, the

President of Hanam shall also furnish a written report describing all assets. All persons

and entities having control, custody or possession of any assets or property of Hanam are

hereby directed to turn such assets and property over to the Receiver.

4.     The Receiver shall promptly give notice of its appointment to all known

officers, directors, agents, employees, shareholders, creditors, debtors, managers and

shareholders of Hanam, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a shareholder interest to Hanam shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Hanam had received such payments.

5.      The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Hanam, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6.      Hanam's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors,  and creditors, of Hanam, and

other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Hanam.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7.      The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Hanam or any assets of Hanam, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Hanam, the Receiver, or any of Hanam's past or present officers, directors, managers, or agents sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset.  All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Hanam or any assets of Hanam, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Hanam, the Receiver, or any of Hanam's past or present

officers, directors, managers, or agents sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of Hanam against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8.    Hanam and its past and/or present directors, officers, managers, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Hanam to the detriment of Hanam or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

9.    The Receiver is authorized to borrow on behalf of Hanam, from the SBA, up to $1,000,000 and is authorized to cause Hanam to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue.  Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Hanam, excluding administrative expenses

of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Hanam.

10.   This Court determines and adjudicates that SBA has made a sufficient showing that Hanam has violated the Act and the Regulations, as alleged in the Complaint filed against Hanam in the instant action, to obtain the relief so requested.

DATED this 30th day of November, 2012.

UNITED STATES DISTRICT COURT JUDGE

SEEN, STIPULATED AND AGREED:

Hanam Capital Corporation

By:  Robert Shairer, President

6-22-2010

Date